UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-80072-CR-MARRA(s)(s)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NANCY MARKS,
    *et al*,

    Defendants
_____/

FILED by MA D.C.
AUG 21 2012
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – W.P.B.

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS BASED UPON FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION (DE 441)

Defendant Nancy Marks' (along with co-defendants who joined the motion, see DEs 465, 475) Motion to Dismiss based upon First Amendment to the US Constitution (DE 441) is before the Court on an Order of Referral (DE 517). The Government responded (DE 501) and the defense replied (DE 511) and submitted supplemental authority (DE 548). The Defendants were charged in a Second Superseding Indictment with fraud and money laundering charges. (DE 306). It is alleged that the Defendants were spiritual advisors who told some of their clients that they could cure diseases, chase away evil spirits and cleanse souls by cleansing the clients' money, which would be returned but wasn't. Defendants assert that they were engaging in religiously grounded conduct protected

1

by the First Amendment.

Rule 12(b) provides that motions based on defects in the indictment must be raised prior to trial. Fed. R.Crim. P. 12(b). An indictment is not subject to dismissal on the basis that the evidence supporting the indictment is insufficient or on the basis that the government will not be able to prove its case at trial. *See United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir.2004). "An indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true." *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir.1994) *(citing United States v. Sampson*, 371 U.S. 75, 78–79, 83 S.Ct. 173, 9 L.Ed.2d 136 (1962).

Defendants who under the cloak of religion commit frauds may not do so with impunity. *Cantwell v. Connecticut*, 310 U.S. 296, 306, 60 S.Ct. 900, 904, 84 L.Ed. 1213 (1940); *Church of Scientology Flag Service Organization, Inc. v. City of Clearwater*, 2 F.3d 1514, 1544 (11th Cir.1993). If affirmative misrepresentations are made concerning the uses for the funds then they may be punished criminally. *Id.* This is so even when the stolen funds are used for a religious purpose. *Id.* Committing crimes as part of a religious practice is prohibited. *Leary v. United States*, 383 F.2d 851, 859-862 (5th Cir. 1967), reversed on other grounds, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969) (use of drugs as part of religious practice is not constitutionally privileged).

Here the Indictment alleges that the Defendants defrauded the victims by misrepresenting that the money would be cleansed and returned to them. It is sufficient on its face.

### RECOMMENDATIONS

For the reasons stated above, this Court RECOMMENDS that the Motion to Dismiss based upon First Amendment to the US Constitution (DE 441) be DENIED.

### NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Senior United States District Judge Kenneth A. Marra within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. *See United States v. Warren*, 687 F.2d 347, 348 (11th Cir.1982), *cert. denied*, 460 U.S. 1087 (1983).

**DONE AND SUBMITTED** in Chambers this 21 day of August, 2012, at West Palm Beach in the Southern District of Florida.

*[signature]*
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE